Filed 8/29/13  P. v. Magana CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E056823 |
| v. | (Super.Ct.No. RIF1201028) |
| JESUS MONGE MAGANA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Michael B. Donner, Judge.  Affirmed.

Susan Ferguson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant ransacked a house in Perris taking, amongst other things, jewelry and antique guns. He also stole a vehicle from the location. When defendant was driving the vehicle, he was spotted by a Riverside County Sheriff's deputy. Defendant resisted arrest by driving at high speeds and attempting to evade the deputy. A jury convicted defendant of vehicle theft (Pen. Code, § 666.5, subd. (a)); reckless evasion of a peace officer (Veh. Code, § 2800.2); first degree burglary (Pen. Code, § 459); and resisting arrest by force or violence (Pen. Code, § 69). After waiving his right to a jury trial, the trial court found that defendant had suffered two prior convictions for which he served prison terms (Pen. Code, § 667.5, subd. (b)). Defendant was sentenced to state prison for seven years, eight months.

Defendant appeals from the judgment, citing *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts, potential arguable issues, and requesting this court undertake a review of the entire record.

I

FACTUAL BACKGROUND

Maria Coronel, Sr. lived at 23771 Cowie Avenue in Perris. She and her husband went on vacation starting on January 11, 2012. Their daughter, Maria Coronel, Jr., watched their house for them. They left their Honda Accord at the house behind a locked gate.

On January 20, 2012, Coronel, Jr. went to the house. She locked all of the doors prior to leaving. She also secured the front gate. When she returned on January 21, 2012, she noticed the front gate was broken and the Honda was missing. All of the doors in the house were open. A window was broken. Her parents' bedroom door was open even though it was usually locked; the door jamb was broken. Jewelry, cookware, an antique rifle collection and wine were missing from inside the house. Coronel, Jr. called the police around 1:00 p.m. that day. The Honda was reported stolen.

Riverside County Sheriff's Deputy Oscar Ortiz was on patrol in Perris driving a marked patrol car around 9:00 p.m. on January 21. While on patrol, he observed defendant driving the Coronel's Honda. This area was less than two miles from the Coronel's residence. Deputy Ortiz activated his lights and siren. Defendant did not stop and ran through a stop sign. Defendant took a turn too fast and lost control of the car.

Deputy Ortiz exited his vehicle and ordered defendant to show his hands. Defendant regained control of the Honda and sped away at approximately 70 miles per hour. Defendant drove onto a dirt road that was a dead end and stopped the car.

Defendant exited the car through the passenger side door. He ran toward the nearby hills. Defendant was apprehended while trying to jump over a fence. He refused to put his hands behind his back and Deputy Ortiz had to use force to put handcuffs on defendant.

The chrome rims on the Honda had been painted black. The ignition had been torn out. Inside the car, underneath the driver's seat, a baggie containing Coronel, Sr.'s jewelry was found. Tools had been taken from the trunk. Several of the wine bottles

3

were in the car. The Coronels did not know defendant. Only partial fingerprints that could not be identified were found in the house.

## II

## DISCUSSION

Defendant's counsel proposed one issue for our independent review in her opening brief as follows: whether there was sufficient evidence presented to sustain the jury's conviction of first degree burglary.[1] We have reviewed the record and find the evidence was sufficient to uphold the burglary conviction.

On June 10, 2013, defendant requested appointment of counsel after his counsel filed the instant *Wende* brief. We denied his request and offered him an additional opportunity to file a personal supplemental brief, but he has not done so. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we independently reviewed the record for potential error. We have now completed our independent review of the record and find no arguable issues.

---

**1** Defendant's counsel states whether the evidence was sufficient to support defendant's conviction of "robbery" but defendant was not convicted of robbery. We presume she means burglary.

III

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RICHLI
Acting P. J.

We concur:

KING
J.

CODRINGTON
J.